Joselito Enrique Burgos BERGANZA,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 07–0212–ag.

United States Court of Appeals,
Second Circuit.

Aug. 23, 2007.

H. Raymond Fasano, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Lisa M. Arnold, Senior Litigation Counsel; Erica B. Miles, Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Joselito Enrique Burgos Berganza, a native and citizen of Guatemala, seeks review of a December 21, 2006 order of the BIA affirming the June 22, 2005 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, which denied his application for asylum and withholding of removal. *In re Joselito Enrique Burgos Berganza,* No. A75 957 878 (B.I.A. Dec. 21, 2006), *aff'g* No. A75 957 878 (Immig. Ct. N.Y. City June 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 127 (2d Cir.2007).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). However, "[a] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Saloum v. USCIS,* 437 F.3d 238, 243 (2d Cir.2006) (quoting *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001)); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330–32 (2d Cir.2006). Here, Berganza suggests a colorable constitutional claim by arguing that the BIA denied him due process when it failed to consider specific evidence that he had timely filed his asylum application. Assuming we are not without jurisdiction to review his argument, *see Li Hua Lin v. U.S. Dept. of Justice,* 453 F.3d 99, 104 (2d Cir.2006) (citations omitted). The BIA did not deny him due process in declining to remand for the IJ to consider the newly submitted evidence. As the government argues, evidence that Berganza was included in an application for asylum five years prior to his 1996 arrival in the United States was irrelevant to his argument that he satisfied the time limit for submitting an asylum application.

In addition, as to Berganza's claim for withholding of removal, we find that the agency reasonably concluded that Berganza failed to demonstrate that he feared persecution on account of any of the enumerated grounds for such relief. The IJ held that the evidence demonstrated that Berganza feared persecution by rebel groups for having refused to cooperate

with them, and for having witnessed their mistreatment of others. Berganza appears to argue that because rebels abused members of his family, he has demonstrated a well-founded fear of persecution on account of his family membership. Assuming, *arguendo,* that Berganza's family constitutes a particular social group, however, he never established that his family was targeted for any particular reason unique to them.[1] Accordingly, we find that the agency's decision that he failed to establish a well-founded fear of persecution on account of any of the enumerated grounds supported by substantial evidence, and it should not be disturbed. *See Melgar de Torres v. Reno,* 191 F.3d 307, 314 (2d Cir.1999).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

---

1. For this reason, we need not remand to allow the agency to consider whether Berganza established membership in a particular social group. *Cf. Gonzales v. Thomas,* 547 U.S. 183, 184–87, 126 S.Ct. 1613, 1614–15, 164 L.Ed.2d 358 (2006) (requiring remand for consideration of whether a particular family "fell within the scope of the statutory term 'particular social group,'" where the applicants demonstrated that they had been persecuted on account of their membership in the group); *Ucelo–Gomez v. Gonzales,* 464 F.3d 163, 170 (2d Cir.2006) (recognizing that a reviewing court need not remand to determine whether an applicant has presented the kind of group that constitutes a "particular social group" when it can be determined with "assured confidence" that a group would or would not qualify as such).